E. P. DUTTON & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. February 15, 1907.)

No. 4,358.

CUSTOMS DUTIES—CLASSIFICATION—BOOKS WITH LITHOGRAPHIC COVERS—"CONTAINING."

A book having no lithographic prints, except one on the front cover, held not to be within the provision for "books * * * containing illuminated lithographic prints," in Tariff Act July 24, 1897, c. 11, § 1, Schedule M, par. 400, 30 Stat. 188 [U. S. Comp. St. 1901, p. 1672].

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision below affirmed the assessment of duty by the collector of customs at the port of New York. The articles in controversy consisted of books having as their only lithographic prints a picture on the front cover of each. The importers contended that they had been improperly subjected to the rate provided in Tariff Act July 24, 1897, c. 11, § 1, Schedule M, par. 400, 30 Stat. 188 [U. S. Comp. St. 1901, p. 1672], for "books for children's use, containing illuminated lithographic prints," and that they should have been classified as "books," under paragraph 403. This contention was overruled by the Board on the authority of In re Dutton, G. A. 5,858 (T. D. 25,803). The reasoning on which the Board's conclusion was based appears from the following extract from the decision last cited:

"FISCHER, General Appraiser. The contention of the importers is that because the only lithographic print in the books is that constituting the front cover—which we find to be a fact—the articles are not books 'containing' illuminated lithographic prints as provided in the statute. We are of opinion, however, that this point is not well taken, and that the manifest intention of the statute was to levy a specific duty on books of this character whether the pictures were on the inside or outside of the book. One of the synonyms of the word 'contain' given in the Standard Dictionary is 'include' and it is clear that a book fairly includes what is on its covers as well as what is between them. In G. A. 5,049 (T. D. 23,424) certain German books were held not to be free of duty as 'books printed exclusively in languages other than English,' because there was an advertisement in the English language printed on the back cover. In that decision it was said: 'The fact that this * * * matter is printed on the cover, and not in the body of the book, will not change the character of the publication. The cover is not merely incidental thereto, but is part of an entirety.' "

Curie, Smith & Maxwell (W. Wickham Smith, of counsel), for the importers.

D. Frank Lloyd, Asst. U. S. Atty.

HOUGH, District Judge. Decision reversed.